**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **HAILEY DAVIS AND RACHEL ROWE INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** | § § § § § § § § § | |
| | § | **CIVIL ACTION NO.  2:20-cv-238** |
| | § § § | **COLLECTIVE ACTION UNDER 42 U.S.C. §216(b)** |
| **VS.** | § § § | **JURY DEMANDED** |
| **LONGVIEW ER OPERATIONS, LLC, TYLER ER OPERATIONS, LLC, AND GALVESTON ER OPERATIONS, LLC, all doing business as HOSPITALITY HEALTH ER** | § § § § § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1. Pursuant to 29 USC § 207 ("FLSA"), the named Plaintiffs alleges violations of the statutory employment right to receive overtime pay from Defendants, Longview ER Operations, LLC, Tyler ER Operations, LLC, Galveston ER Operations, LLC and Baymont Emergency Room, LLC all doing business as Hospitality Health ER (Hereinafter collectively "Hospitality ER") as a result of its failure to pay Plaintiff and all those similarly situated employees overtime wages. Defendants misclassified these workers as independent contractors and failed to pay them overtime compensation as required by the FLSA. The workers were employed as massage therapists by Hospitality ER.

2.      Hospitality ER suffered or permitted these workers to work more than 40 hours in a work week but did not pay them overtime wages. Instead, Defendants paid these workers a straight hourly rate with no federal withholding, social security or Medicare taxes withheld.

3.      Defendants' failure to pay overtime to these workers violates the FLSA 29 U.S.C. § 207(a).

4.      Pursuant to 29 USC § 216 (b), the named Plaintiffs also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action.  For themselves and all those similarly situated, the named employee seeks their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

5.      Plaintiff, Hailey Davis, is a resident of Upshur County, Texas. Plaintiff, Rachel Rowe is a resident of Gregg County, Texas. The named Plaintiffs bring this action individually on their own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages. Davis' and Rowe's consent to proceed as plaintiff are attached as Exhibits A and B to the Complaint. Defendants operate clinics that provide emergency room treatment at the following locations: 3111 McCann Road Longview, TX 75605, 3943 Old Jacksonville Hwy Tyler, Texas and 4222 Seawall Blvd., Galveston, Texas 77550.  Defendants may be served with the Complaint and Summons by serving their respective registered agent for service:

<u>Longview ER Operations, LLC</u> – Jeanne Shipp, 4615 Ironwood, Baytown, Texas 77521.

<u>Tyler ER Operations, LLC</u> – Jonathan Bohannon, 3943 Old Jacksonville Highway, Tyler, Texas 75701.

<u>Galveston ER Operations, LLC</u> – Thomas J. Perich, Hunton Andrews Kurth, 600 Travis, Suite 4200, Houston, Texas 77002.

## JURISDICTION AND VENUE

6.     This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's operation in Longview and Tyler, Texas is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## FACTS

7.     Hospitality ER is a health care facility providing medical care services for minor and emergency services, around the clock at its Longview, Tyler and Galveston locations. In addition to the medical care provided, Hospitality ER offers massage therapy services to its clients. While Plaintiffs were classified as "independent contractors" by Hospitality ER, this classification was legally erroneous.  Plaintiffs were employed as massage therapists by Hospitality ER under the direct supervision of employees of Hospitality ER. Plaintiff and the putative class members were hired to perform the work personally and were not able to assign another to do the job in their place. Plaintiff and the putative class members worked on the schedule set by Hospitality ER and they performed the work in the order or sequence set by Hospitality ER. As stated, Plaintiffs and the putative class members were paid an hourly rate for all hours worked, with no overtime premium for any hours worked over 40 in a work week.

8.     Plaintiffs and the putative class members did not realize a profit or loss in the business, rather, they were paid for services rendered. Plaintiffs and the putative class members were subject to termination by Defendant at any time and were able to quit at any time without liability on their part.

9. Defendant paid Plaintiff and the putative class members for services rendered and had the right to direct or control these workers, both as to the final result of their labors and the details of the where, when and how the work was to be performed. As a result, Plaintiff and the putative class members were misclassified as independent contractors and should have been classified as employees of Hospitality ER, and therefore entitled to overtime wages.

10. Plaintiff worked between 60 and 70 hours per week. Plaintiff was not paid overtime wages; however, the work they did for Hospitality ER was not exempt as defined under 29 CFR part 451. The evidence at trial will show that Plaintiffs were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week.

11. Plaintiffs believe and, therefore, allege that the failure of Hospitality ER to pay Plaintiffs and all those similarly situated for overtime pay was intentional.

## CLAIMS

12. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FLSA." Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiffs allege that the failure to pay Plaintiffs and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Plaintiffs and all those similarly situated are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

13. Pursuant to 29 U.S.C. § 216 (b), Plaintiffs Davis and Rowe bring this action in their individual capacities and as a collective action. Davis and Rowe seek this court's appointment and/or designation as representatives of a class of similarly situated "massage therapist independent contractors" of Hospitality ER who were not paid for all overtime hours worked as

described herein. On information and belief, there are numerous massage therapists who were not paid for all overtime hours worked for Hospitality ER as described herein. The questions of law and fact are common to the class of similarly situated employees. The failure to pay its massage therapist independent contractors for the overtime hours worked was common to all of Hospitality ER's massage therapists.

14. Davis and Rowe specifically request that they be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

15. Plaintiffs, individually and as a representative of the class, requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the class be certified, and that the Plaintiffs and each member of the class recover from Hospitality ER the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Court costs;
6. Attorneys' fees; and
7. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF
AND THE COLLECTIVE