UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HAILEY DAVIS AND RACHEL ROWE INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § § § | |
| VS. | § § § § § | CIVIL ACTION NO. 2:20-CV-238 COLLECTIVE ACTION UNDER |
| LONGVIEW ER OPERATIONS, LLC, TYLER ER OPERATIONS, LLC, AND GALVESTON ER OPERATIONS, LLC, all doing business as HOSPITALITY HEALTH ER | § § § § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY TO FACILITATE NOTICE TO POTENTIAL PLAINTIFFS

LONGVIEW ER OPERATIONS, LLC, TYLER ER OPERATIONS, LLC, and GALVESTON ER OPERATIONS, LLC, Defendants in the above-styled cause (hereinafter sometimes collectively referred to as "Defendants" or "Hospitality"), make this Response to Plaintiffs' Motion to Expedite Discovery to Facilitate Notice to Potential Plaintiffs, as follows:

### I. FACTUAL BACKGROUND

1.      Those plaintiffs identified in Plaintiffs' Motion for Expedited Discovery are licensed massage therapists who provided massage therapy services to Hospitality's patients at its Longview and Tyler (Texas) emergency room facilities.   Plaintiff Davis was the first massage therapist to perform her services at Hospitality facilities and, at all times, she was an independent contractor to Hospitality.   When additional therapists were needed, Davis recruited and brought other therapists to Hospitality to serve in the same role.   It was Davis who established their work schedules and advised Hospitality of the hourly fees for their services.   These additional therapists

were also independent contractors of Hospitality, and Davis acted as their representative.   Because these therapists were independent contractors, Hospitality denies violating the Fair Labor Standards Act ("FLSA") in its payments for their services.

## II. PLAINTIFFS' REQUEST FOR COLLECTIVE ACTION STATUS

2.      Defendants are aware of the FLSA's allowance of a "collective action" suit by employees who are "similarly situated." 29 USC §216(b).   While denying they violated the FLSA (along with other allegations made by Plaintiffs), Defendants acknowledge they secured the services of several licensed massage therapists at their Longview and Tyler ER facilities.   Based solely upon Plaintiffs' allegations of FLSA violations, Defendants concede that this suit may be appropriate for an inquiry into whether a collective action notice should be issued to potential parties by the court.   However, Defendants ask the court to make certain the persons to whom such notice may be given are correctly, and properly, determined.

## III. PLAINTIFFS' REQUEST FOR EXPEDITED DISCOVERY

3.      Plaintiffs ask the court for "expedited discovery", citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, (1989) and the recent opinion of *Swales, et al v. KLLM Transport Services, LLC*, No. 19-60847, 2021 WL 98229 (5th Cir. Jan. 12, 2021).   Specifically, Plaintiffs' request a lengthy list of information and documents regarding the massage therapists who provided services to Defendants, and insist it be provided within 30 days.   Defendants believe that (1) whether the requested discovery should be allowed, and (2) whether it must be expedited, are unrelated questions, which should be considered separately by the court.

### A.      Discovery of Information about Licensed Massage Therapists

4.      Defendants generally interpret *Swales* to do away with the 2-step "conditional certification" process previously followed by most courts and suggested in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).   Under *Swales*, a trial court must now "identify, at the outset of the

case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated' for purpose of a potential collective action under §216(b).[1] *Swales* also contemplates that initial discovery take place in order to determine who may fit into such potential class.   The court should "then…authorize preliminary discovery accordingly.   The amount of discovery necessary to make that determination will vary case by case…"[2]   Defendants agree it would be proper for the court to allow limited and appropriate discovery solely for the purpose of identifying potential class members to whom any written notice of the suit should be sent.   Such information should be limited to (1) the identity of those therapists who performed services for Hospitality in the relevant time period, (2) their work hours and payment during such period, and (3) other relevant topics, such as whether they had their own clientele and/or also worked for another employer.

5.      Therefore, a portion of that discovery now sought by Plaintiffs is probably appropriate, such as:

(1)  The identity of the current and former licensed massage therapists who worked at Hospitality Longview, Tyler, and Galveston (if any);

(2)  Reasonable contact information for these therapists, such as a mailing address and/or email address;

(3)  The time records for the therapists;

(4)  The pay records for the therapists; and,

(5)  Job descriptions for the therapists (if any).

However, the remaining information sought by Plaintiffs, including phone numbers, dates of birth, and complete copies of "employee file(s)" is overbroad and irrelevant at this stage of the suit.

---

[1] *Swales, supra at 17.*
[2] *Id*

While *Swales* allows such discovery to touch on merits-related topics, it in no way suggests that all discovery on the merits should proceed at this stage.

6.     Plaintiffs also seek discovery outside the relevant time period.  If any such identified therapists ultimately join the suit, their period of potential recovery of unpaid overtime is the 2 or 3 years immediately prior to joining.[3]  Thus, the period of inquiry should be no longer than from three years prior to the date of the court's order on Plaintiff's Motion (likely in February or March 2018) to the current date, not "since July 15, 2017", as Plaintiffs request.

7.     Finally, Defendants are concerned that Plaintiffs state they seek to begin "interviewing these individuals to determine whether they worked under the same or similar pay practices…."  As stated above, the purpose of discovery at this stage is only to determine who falls into the "collective action" class for purposes of receiving notice of the suit.  Defendants object to the discovery process being used to facilitate Plaintiffs' counsel's solicitation of potential clients.  Defendants concede they probably have no right to prevent Plaintiffs' counsel from contacting those therapists who remain contractors with Hospitality.  However, as has been previously mentioned to the court, some – though not all – of the therapists who formerly worked as contractors have since requested to be made, and have been made, employees.[4]  Defendants insist that all contact with their employees be channeled through their own counsel.

8.     In summary, Defendants will agree to limited discovery withing the parameters stated.

**B.     Timing of Allowed Discovery**

9.     Plaintiff's Motion also requests that the information and documents sought be *ordered* produced within 30 days of the court's decision on their motion.  While *Swales*

---

[3] Three years if a violation of the FLSA is found to be "intentional".
[4] In the course of discovery, Defendants can identify who these persons are.

contemplates that the limited discovery discussed above should proceed in the early stages of the suit, it in no way dictates the manner and timing by which it must take place. Neither does Plaintiff cite any authority requiring the trial court to hasten discovery to maximize the recovery periods of potential collective action plaintiffs.[5] While Defendants agree the trial court should set proper boundaries upon the scope of the discovery allowed, and perhaps determine which of Plaintiff's requested discovery categories constitute proper requests, it otherwise believes discovery should proceed in a normal manner and on a timeline the court deems proper. Ordering the production of specific items within 30 days is unnecessary and premature.

## IV. PRAYER

WHEREFORE, Defendants pray that the court deny the relief requested in Plaintiff's Motion to Expedite Discovery in whole or part, and instead grant the relief requested in this Response. Defendants seek such other and further related relief to which they may be entitled.

Respectfully submitted,

FREEMAN MILLS PC
2020 Bill Owens Parkway, Suite 200
Longview, Texas 75604
Telephone: (903)295-7200
Facsimile: (903)295-7201

By:____/s/ Brian L. Bunt_____
BRIAN L. BUNT
STATE BAR NO. 03350025
bbunt@freemanmillspc.com
TYLER "GUS" CLARDY
State Bar No. 24092258
gclardy@freemanmillspc.com

---

[5] Because she recruited each of them to Hospitality, Defendants believe that Plaintiff Hailey Davis already knows the name and contact information for each massage therapist who provided services to Hospitality during her multi-year tenure. This would include most, if not all, potential class members. Indeed, Plaintiffs' real motive for hastening the notice - maximizing potential damages - is discussed throughout the Motion.

ATTORNEYS FOR DEFENDANTS,
LONGVIEW ER OPERATIONS, LLC,
TYLER ER OPERATIONS, LLC,
GALVESTON ER OPERATIONS, LLC,
All doing business as
HOSPITALITY HEALTH ER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served upon all parties or their counsel of record in accordance with the Federal Rules of Civil Procedure on this the 11th day of February 2020.


*Via Electronic Mail*
William S. Hommel, Jr.
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
***Attorney for Plaintiffs***

_____/s/Brian L. Bunt_____
BRIAN L. BUNT